UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ANDREW DAVIS,

                                    Plaintiff,                                **ORDER**

          - against -                                                        No. 23-CV-5613 (CS)

LOWE'S HOME CENTERS, LLC,

                                    Defendant.
---------------------------------------------------------------x

Seibel, J.

         On March 13, 2024, Defendant moved to dismiss this case with prejudice because

Plaintiff failed to prosecute and failed to comply with the Court's February 21, 2024 Order to

Show Cause.  (*See* ECF No. 13.)  Federal Rule of Civil Procedure 41(b) permits a defendant to

move to dismiss "[i]f the plaintiff fails to prosecute or comply with . . . a court order."  Fed. R.

Civ. P. 41(b); *see Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (court may "dismiss a

complaint for failure to comply with a court order, treating the noncompliance as a failure to

prosecute"); *Paulidor v. Hemphill's Horses, Feed & Saddlery, Inc.*, No. 20-CV-785, 2023 WL

4931921, at *3 (D. Conn. Aug. 2, 2023) (to same effect).[1]  While "dismissal under Rule 41(b) is

a harsh remedy to be utilized only in extreme situations, dismissal may be necessary to prevent

undue delays in the disposition of pending cases and to avoid congestion in the calendars of the

District Courts."  *Sanango v. Ruby Nails Tarrytown, Inc.*, No. 20-CV-8245, 2023 WL 145521, at

---
[1] The Court will send Plaintiff copies of any unreported cases cited in this Order.  Unless
otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and
alterations.

*1 (S.D.N.Y. Jan. 10, 2023).  I must consider the following five factors before dismissing a case

under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order[s], (2)
> whether plaintiff was on notice that failure to comply would result in dismissal,
> (3) whether the defendant[] [is] likely to be prejudiced by further delay in the
> proceedings, (4) a balancing of the court's interest in managing its docket with the
> plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge
> has adequately considered a sanction less drastic than dismissal.

*Peters v. CBS Viacom*, No. 23-463, 2023 WL 8270781, at *2 (2d Cir. Nov. 30, 2023) (summary

order); *see Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 357 (2d Cir. 2020)

(summary order).  No single factor is dispositive.  *See Peters*, 2023 WL 8270781, at *2 (citing

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (*per curiam*)).

   After consideration of these factors, I conclude that Plaintiff has willfully failed to

prosecute the case and comply with the Court's orders, and that dismissal without prejudice is

warranted.

   The first factor weighs in favor of dismissal.  Plaintiff appears to have abandoned this

litigation, resulting in a several-month delay.  Defendant removed this case on June 30, 2023,

(ECF No. 1), and I held an initial conference on August 30, 2023, (*see* Minute Entry dated Aug.

30, 2023).  At the time Plaintiff had counsel, and I entered an order scheduling discovery.  (*See*

ECF No. 6; Minute Entry dated Aug. 30, 2023.)  On October 23, 2023, Plaintiff's counsel moved

to withdraw, (ECF No. 7), because of a breakdown in communication and cooperation with

Plaintiff.[2]  I issued an Order to Show Cause in response, (ECF No. 9), and Plaintiff was notified

of it the same day, (ECF No. 10 at 1).  Plaintiff did not respond to the Order to Show Cause or

---

   [2] Outgoing counsel asked to file under seal his affidavit detailing the reasons he wished to
withdraw as counsel, (ECF No. 7 at 1), but then (presumably inadvertently) filed the affidavit
publicly, (ECF No. 10 at 5-7).  The Court has now sealed it.

otherwise oppose the motion, and on December 13, 2023, I granted Plaintiff's counsel's motion to be relieved.  (*See* Minute Entry dated Dec. 13, 2023.)

Plaintiff has not taken any action in the six months since his counsel moved to withdraw. Rather, Plaintiff has ignored two separate orders:  a January 17, 2024 Order scheduling a conference for February 20, 2024, at which Plaintiff was directed to appear either personally or through counsel, (ECF No. 11), and a February 21, 2024 Order to Show Cause ordering Plaintiff to explain his failure to appear the previous day, why he should not be sanctioned, and why I should not dismiss his case with prejudice under Rule 41(b), (ECF No. 12; *see* Minute Entry dated Feb. 20, 2024).  Plaintiff's failure to comply with both court orders, and his related delay for more than two months – especially given his awareness for six months that in all likelihood he would have to find new counsel or represent himself – weighs in favor of dismissal, although perhaps not heavily.  *See Yadav v. Brookhaven Nat'l Lab'y*, 487 F. App'x 671, 672-73 (2d Cir. 2012) (summary order) (three-month delay sufficient to support dismissal); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (delay of "merely a matter of months" may warrant dismissal); *Mena v. City of N.Y.*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) ("[A] *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case.").

Next, the second factor weighs in favor of dismissal.  In both the January and February orders, I warned Plaintiff that his unexcused failure to appear or to respond might result in dismissal under Rule 41(b).  *See* ECF No. 11 at 1 ("Failure to appear at [the February 20] conference either personally or through counsel may – unless the Court has excused the appearance in advance – result in . . . dismissal pursuant to [Rule] 41(b) (failure to prosecute or comply with a court order)."); ECF No. 12 at 2 ("Plaintiff is hereby ORDERED to SHOW

CAUSE in writing . . . why I should not dismiss his case with prejudice under [Rule] 41(b).  If Plaintiff fails to respond . . . he may be subject to . . . dismissal pursuant to [Rule] 41(b).")  The Court mailed both orders to Plaintiff's address.  (*See* Docket Entries dated Jan. 18, 2024 and Feb. 21, 2024.)  Thus, Plaintiff received clear notice on two separate occasions that the failure to comply with the Court's orders could result in dismissal of his case.  *See Blair v. Moore Med., LLC*, No. 21-1424, 2022 WL 1493743, at *2, *4 (2d Cir. May 12, 2022) (summary order) (affirming dismissal where court provided notice to plaintiff on multiple occasions that noncompliance could result in dismissal); *Heendeniya*, 830 F. App'x at 357 (plaintiff "received notice of the consequences of failure to respond" at a conference and via text order).

Under the third factor, prejudice to Defendant may be presumed because Plaintiff's delay is inexcusable:  he has not complied with two separate orders and has not taken any steps to advance the litigation – let alone to communicate with the Court – since his counsel withdrew in December 2023.  *See Heendeniya*, 830 F. App'x at 358 (district court "reasonably found that prejudice to defendants could be presumed because the delay was not reasonable"); *Sanango*, 2023 WL 145521, at *2 (plaintiff's delay was inexcusable where he failed to comply with the Court's orders and did not advance the case).  But the third factor only slightly supports dismissal because Defendant has not submitted evidence that it suffered "any particular, or specially burdensome, prejudice" resulting from Plaintiff's delay.  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001); *see Lyell*, 682 F.2d at 43.

The fourth factor warrants dismissal on balance.  "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner."  *Sanango*, 2023 WL 145521, at *2; *see Lyell*, 682 F.2d at 43 (Second Circuit employs a "strong policy favoring prompt disposition of cases"); *O'Rourke v. Nirvana*,

No. 19-CV-4711, 2020 WL 1198326, at *2 (S.D.N.Y. Mar. 12, 2020) ("The Court has a strong interest in managing its docket and cannot indefinitely wait for [Plaintiff] to turn his attention back to this case."), *report and recommendation adopted*, 2020 WL 2133174 (S.D.N.Y. May 5, 2020).  Plaintiff willfully failed to comply with the Court's January 17 order even after my Courtroom Deputy called Plaintiff as a courtesy reminder on February 16 and Plaintiff acknowledged his required attendance at the conference scheduled for February 20.  (*See* ECF No. 12 at 1-2.)  And Plaintiff then failed to respond to the February 21 Order to Show Cause why I should not dismiss his case.  As of April 8, 2024, Plaintiff has neither filed anything nor proactively communicated with the Court since his counsel moved to withdraw on October 23, 2023, and there is no indication that Plaintiff intends to continue this action to have his "day in court."  *See Heendeniya*, 830 F. App'x at 358 n.3 ("failure to prosecute under Rule 41(b) can evidence itself . . . in an action lying dormant with no significant activity to move it"); *Pierno v. Fid. Brokerage Servs., LLC*, No. 20-3711, 2021 WL 5986763, at *3 (2d Cir. Dec. 16, 2021) (summary order) (fourth factor favored dismissal where plaintiff "could have secured his day in court" if he had followed court's order to initiate arbitration).

Finally, the fifth factor supports dismissal.  I have considered whether a less drastic sanction would be appropriate and conclude that it would not.  Plaintiff appears to have willfully abandoned this case, and his failure to appear at the February 20 conference – after speaking with my Courtroom Deputy several days beforehand and knowing that he needed to attend the conference – and to respond to the subsequent Order to Show Cause demonstrates that he does not intend to pursue the matter.  There is no apparent way it can proceed without his participation.  In these circumstances, dismissal is appropriate.  *See Pierno*, 2021 WL 5986763, at *3 (affirming dismissal where district court provided notice to plaintiff that the case could be

dismissed if he did not arbitrate his claim and plaintiff's repeated refusal to start arbitration suggested that lesser sanctions would not have been effective); *Yadav*, 487 F. App'x at 673 (affirming dismissal where "district court properly found that no less drastic sanctions, short of dismissal, would be effective" because of plaintiff's "continued disregard for the district court's orders"); *Brow v. City of N.Y.*, 391 F. App'x 935, 937 (2d Cir. 2010) (summary order) ("[P]laintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective."); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir. 1980) ("The language of Rule 41 makes [Plaintiff's] failure to comply with [the Court's] order a clear basis on which to affirm the dismissal."); *id.* ("Completely aside from his failure to comply with the order, a dismissal is justified for [Plaintiff's] failure to prosecute at all."); *Rsch. Found. for State Univ. of N.Y. v. Telluric Labs, LLC*, No. 21-CV-1898, 2023 WL 6307995, at \*7 (E.D.N.Y. Sept. 28, 2023) ("When a plaintiff fails to respond to a Court order once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter."); *cf. Lewis v. Frayne*, 595 F. App'x 35, 38 (2d Cir. 2014) (summary order) (finding fifth factor weighed against dismissal because the plaintiff "did not willfully ignore court orders or fail to respond to motions or discovery requests").

I conclude that the relevant factors militate comfortably in favor of dismissal under Rule 41(b). Even though Plaintiff was warned that any dismissal might be with prejudice, because he is unrepresented, I dismiss without prejudice, in an excess of caution. *See Copiel v. Pugliese,* No. 19-CV-4231, 2021 WL 2659985, at \*3 n.5 (E.D.N.Y. June 29, 2021) (collecting cases).[3]

---

[3] While a district court must find "willfulness, bad faith, or reasonably serious fault" on Plaintiff's part before dismissing with prejudice, "[t]he Second Circuit has not decided whether this requirement applies to a dismissal without prejudice." *Myparkingtickets.com LLC v. City of N.Y.*, No. 24-CV-397, 2024 WL 1181839, at \*3 n.2 (S.D.N.Y. Mar. 14, 2024). In any event, the record here demonstrates willfulness and reasonably serious fault.

Accordingly, this case is DISMISSED without prejudice.  The Clerk of Court is respectfully directed to mail a copy of this Order to Andrew Davis, 333 Capitol Street, Saddle Brook, NJ 07663, and to close the case.

**SO ORDERED.**

Dated:  April 8, 2024
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.